IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| ANTHONY GERALD WHITE, SR., \* | |
| Petitioner, \* | |
| v. \* | CIVIL NO.:     WDQ-06-2875 |
|  \* | CRIMINAL NO.: WDQ-03-0375 |
| UNITED STATES OF AMERICA, \* | |
| Respondent. \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Pending is Anthony Gerald White Sr.'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the pleadings and the record and determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. White also has filed a motion for extension of time to file his reply and a renewed motion for legal documents. For the following reasons, White's motions will be denied.

I.   Background

On August 14, 2003, White was indicted for conspiracy[1] to distribute 50 grams or more of cocaine base and cocaine within 1,000 feet of a public housing facility under 21 U.S.C. § 846,

---

[1] Gerald Hyman and Cassandra White were also charged in the indictment. Before trial, Hyman and Cassandra White pled guilty and agreed to testify against Anthony White at his trial.

1

and possession of firearms and ammunition by a convicted felon under 18 U.S.C. § 922(g)(1). On March 16, 2004, a jury convicted White on all counts. Following his conviction, the Court sentenced White to 235 months imprisonment for the conspiracy charge, and concurrent terms of 120 months imprisonment for the firearm and ammunition charges.

On April 26, 2005, the Fourth Circuit affirmed White's conviction and sentence. *United States v. White*, 405 F.3d 208 (4th Cir. 2005). White's petition for a writ of certiorari was denied. *White v. United States*, 126 S. Ct. 668 (2005).

After exhausting his direct appeals, White filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on November 7, 2006. On May 30, 2007, White filed a motion for extension of time to file his reply and a renewed motion to recover legal documents.

II. Analysis

A. Motion for Extension of Time to File Reply and Renewed Motion to Recover Legal Documents

White argues that the Court should grant him an additional 30 days in which to file his reply after he receives requested documents from the Government. White has requested: (1) grand jury transcripts and (2) documents listed in the pretrial discovery agreement between the Government and White's trial counsel.

White's request for grand jury transcripts will again be

denied.  The Fourth Circuit has affirmed the previous denial of this request.  *See United States v. White*, No. 06-6670, 2006 WL 2871260 (4th Cir. Oct. 6, 2006).

Similarly, White's request for documents listed in the discovery agreement between White's trial counsel and the Government will be denied.  Additional discovery may be available to a prisoner only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  Rule 6(a) of the Rules Governing § 2255 Proceedings.  Good cause exists "when a petition for habeas corpus establishes a prima facie case for relief."  *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004).

White's pleadings do not demonstrate that additional discovery would entitle him to relief.  White generally contends that the Government did not fulfill its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure.  The Government counters that it satisfied its obligations before White's trial.  Resp't Supp. Mem. Exs. 2, 8.  Additionally, White's trial counsel agrees that the Government complied with the discovery agreement; counsel gave his entire file to White.  *Id.*, Ex. 3.

Ordinarily, it is presumed that government officials properly discharge their duties.  *Bracy v. Gramley*, 520 U.S. 899, 909 (1997).  White's assertion that the Government withheld

3

discovery materials is not supported by the record or his trial counsel. White has not demonstrated good cause for additional discovery.

As White's discovery requests will be denied, White's request for an additional extension of time in which to file a reply will also be denied. On February 15, 2007, the Court informed White that additional extensions of time would not be granted absent extraordinary circumstances. Paper No. 115. White's Memorandum adequately states his claims for collateral relief.

B. White's § 2255 Motion

White's § 2555 motion states five grounds for relief: (1) ineffective assistance of counsel; (2) errors committed by the court during trial; (3) government suppression of evidence; (4) defective indictment; and (5) false grand jury testimony.

1. Ineffective Assistance of Counsel

White argues that his trial counsel failed: (1) to conduct an adequate pretrial investigation; (2) to move for a *Franks v. Delaware* suppression hearing; and (3) adequately to argue on his behalf during trial.[2]

---

[2] White has presented over 35 separate claims of ineffective assistance of counsel in his filings with this Court. Many of these are without legal support. The Court recognizes that allegations in *pro se* complaints should be liberally construed. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, the Court has addressed White's contentions that go beyond mere assertions. However, the tactical decisions of trial counsel are

4

a. Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, White must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id*. at 687. White must establish that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. White must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id*. at 688. This scrutiny is highly deferential. *Id*. at 689.

b. Pretrial Investigation

White argues that his trial counsel failed to seek *Brady*,

---

entitled to deference and will not be second-guessed by the Court. *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977) (per curiam). Those claims include his counsel's: failure to properly interrogate jurors with ties to law enforcement, failure to object to a DEA agent's testimony concerning drug language, failure to bifurcate the trial, stipulation to White's prior convictions, and failure to confer with White about issues to be raised on appeal. White also argues that his counsel should have removed admitted evidence from view of the jury and not allowed jurors to inspect this evidence. These matters are not a basis for relief.

*Giglio*, or Jencks Act[3] materials before trial.  Pet'r Supp. Mem. at 12.  Although trial counsel's discovery agreement with the Government concerned those materials and counsel has stated that he received what was available, White contends that the Government did not comply with its discovery obligations.  Pet'r Resp. Supp. Mem. at 8.

White claims that because Hyman's trial counsel--rather than his--coordinated the discovery, the Government breached its discovery obligations.  White additionally claims that he would not have agreed to the discovery agreement had he been informed that Kenneth Ravenell, Hyman's attorney, was coordinating discovery.

An attorney's breach of a duty of loyalty to a client is ineffective assistance of counsel.  *Strickland*, 466 U.S. at 688.  This duty is breached when counsel has an actual conflict of interest that adversely affected his performance.  *Longworth v. Ozmint*, 377 F.3d 437, 443-44 (4th Cir. 2004).  White does not contend that his counsel had a conflict of interest, but asserts that he should not have allowed Ravenell to coordinate discovery.  White speculates that Ravenell did not deliver all pertinent discovery documents to White's attorney.  Pet'r Resp. at 9.  White's assumption that some unidentified, exculpatory document is missing does not establish that White's counsel erred.  White

---

[3] 18 U.S.C. § 3500 (2000).

6

has demonstrated no prejudice from allowing Ravenell to coordinate discovery.

White also contends that his attorney failed to seek rough and typed notes of interviews, surveillance footage, and the identity of confidential informants.  The Government asserts that either these materials do not exist,[4] or that White was not entitled to them.  Any materials White was entitled to were provided to White's counsel in the discovery agreement.

White argues that his counsel failed to request search and eavesdropping warrants and affidavits.  The Government asserts, and the Court finds, that all pertinent documents supporting the warrants were disclosed to counsel under the discovery agreement.

White asserts that his attorney did not require Government disclosure of Federal Rule of Evidence 404(b) testimony from Cassandra White, who impeached his testimony at trial.  As the Fourth Circuit has affirmed the Court's admittance of this evidence, *White*, 405 F.3d at 212-14, White has not demonstrated that his attorney acted deficiently.

White also contends that his counsel should have filed a motion for a bill of particulars.  "A bill of particulars identifies for the defendant the area within which the government's chief evidence will fall."  *United States v.*

---

[4] The Government asserts that the surveillance "videos, photographs, or any other material" requested by White do not exist.  Resp't Supp. Mem. at 3 n.1.

*Fletcher*, 79 F.3d 49, 53 (4th Cir. 1996). Although a defendant may request a bill of particulars, "it is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). White states no deficiency in the indictment or evidence which would have justified a motion for a bill of particulars.

White argues that his attorney failed to require certified copies of prior convictions and disciplinary reports about proposed Government witnesses. As these materials were included in the discovery agreement, counsel's work was adequate.

White also contends that his counsel did not confer with him adequately before trial. He alleges that his attorney met with him only three times, and never returned his phone calls. Pet'r Supp. Mem. at 9. White's counsel stated that he met with White and his wife several times, played tapes of wiretapped conversations for White, and let White take home these recordings prior to trial. Resp't Supp. Mem. at Ex. 3. As White has not demonstrated how more frequent contact with his counsel would have resulted in a changed result at trial, White's counsel was not demonstrably ineffective. *See Lenz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006) (prejudice cannot be established absent indicia that additional visits by counsel would have led to superior advocacy).

c. *Franks* Hearing

The affidavit supporting a search warrant is presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). This presumption may be overcome when a defendant shows that: (1) an affiant knowingly, intentionally, or with a reckless disregard for the truth, provided a false statement and (2) this false information was necessary to establish probable cause. *Simmons v. Poe*, 47 F.3d 1370, 1383 (4th Cir. 1995). If the falsity or recklessness of an affiant's statement is established by a preponderance of the evidence at a *Franks* hearing, the search warrant is invalid and evidence obtained must be suppressed. *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990).

White argues that his attorney should have sought a *Franks* hearing because the affidavit underlying the search warrant for his home was false. White contends that he was misidentified by a DEA agent and that this misidentification formed the basis of the subsequent search warrant that was issued for his home. Pet'r Supp. Mem. at 17-19. The Government contends that there was no basis for a *Franks* hearing because there was no evidence that the DEA agent made false or reckless statements in the affidavit. Resp't Supp. Mem. at 4-5. White's trial counsel agrees that there was no basis for seeking a *Franks* hearing. *Id.*, Ex. 3. White's belief that he was misidentified does not establish that the DEA Agent falsely or recklessly identified

him.

d. Trial Errors

White claims that his counsel was ineffective by allowing a defective indictment to be considered by the jury.  White presents no evidence for his assertion that the indictment was defective.

White argues that his attorney was unreasonable in advising him to testify at trial.  An attorney's advice to his client on whether to testify "is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance of counsel."  *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983); *see also Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002).  White's counsel indicates that White was put on the stand for tactical reasons.  Resp't Supp. Mem. Ex. 3.  The Court will not second-guess the strategic decision by White's attorney that White testify in his own defense.[5]

White also contends that his counsel should have moved for a judgment of acquittal because it was never established that drug transactions occurred within 1,000 feet of a public housing project.  The drug transaction and its proximity to a federal housing project were established at trial; White has presented no

---

[5] White contends that his counsel's failure to present the "FR-19" defense adequately was ineffective assistance of counsel. Pet'r Supp. Mem. at 24.  The FR-19 defense was that White was not discussing a drug transaction with a co-conspirator, but rather an insurance fraud scheme.  Resp't Supp. Mem. at 6-7.

10

evidence to the contrary.  *See* Resp't Supp. Mem. at 7-8.

2. Errors Committed by the Trial Court

White's motion alleges evidentiary and jury instruction trial errors.

a. Evidentiary issues

White argues that his sentence should be vacated because the Court admitted drug analysis evidence without expert testimony about the purity and quantity of the drugs.  Pet'r Supp. Mem. at 31.  The lab results of the cocaine were introduced via stipulation at trial and White provides no evidence that impugns the validity of this decision.  Accordingly, admitting the drug analysis at trial was not erroneous.

White also contends that the testimony of a police officer concerning White's payment of Gerald Hyman's bail was improperly allowed at trial.[6]  Pet'r Supp. Mem. at 34-35.  White claims that the testimony was irrelevant and served to inflame the jury.  The drug transaction between Hyman and White served as the basis for White's indictment and conviction at trial.  The bail testimony was relevant to the conspiracy charged.

---

[6] Under 28 U.S.C. § 2255, collateral attack may ordinarily not be made on issues litigated on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).  White's claims surrounding the testimony of Cassandra White were previously decided in the Fourth Circuit. *White*, 405 F.3d at 212-14.  Accordingly, the Court will not address the admissibility of her testimony in White's § 2255 motion.

b. Jury instructions

Absent a contemporaneous objection under Federal Rule of Criminal Procedure 30(d) to a jury instruction, a prisoner's § 2255 motion is reviewed under the "cause and actual prejudice" standard. *United States v. Frady*, 456 U.S. 152, 167 (1982). A convicted defendant must establish (1) an excuse for his failure to object and (2) actual prejudice from the alleged jury instruction errors. *Id.*

White argues that he was harmed by the Court's failure to give a jury instruction on reasonable doubt. The Fourth Circuit has instructed district courts not to define reasonable doubt. *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998). As White's trial jury was instructed that the Government must prove its case beyond a reasonable doubt, White suffered no prejudice from the Court's failure to disobey the Fourth Circuit.

White also contends that the Court should have offered additional instructions on 404(b) evidence and the credibility of cooperating witnesses. The jury was properly instructed about evaluating the evidence and witness credibility.[7]

---

[7] White additionally contends that the Court committed sentencing error under *United States v. Booker*, 543 U.S. 220 (2005), for finding facts concerning drug quantity. Pet'r Supp. Mem. at 34. This argument is without merit, as the jury found that White conspired to distribute 50 or more grams of cocaine base. The Court's decision to increase White's base offense level from 32 to 38 based on his proximity to a public housing facility (2 points), possession of a firearm during the conspiracy (2 points), and obstruction of justice (2 points), and

12

3. Suppression of Evidence

White's motion alleges that the Government suppressed evidence and failed to disclose *Brady*, *Giglio*, and Jencks Act materials. As discussed *supra* in Part II A, White presents no evidence that the Government did not fulfill its discovery obligations.

4. Defective Indictment

White contends that his conspiracy indictment under 21 U.S.C. § 846 was defective because it did not allege an overt act. Under the federal drug conspiracy statute, proof of an overt act is not required. *United States v. Shabani*, 513 U.S. 10, 11 (1994); *see also United States v. Bolden*, 325 F.3d 471, 491 (4th Cir. 2003).

5. False Grand Jury Testimony

White argues that his sentence should be set aside because the Government presented false testimony to the grand jury. White contends that he was misidentified by a DEA Agent and this misidentification was presented to the grand jury. White argues that based on the testimony of several witnesses at trial, the Court should find that an unknown male identified as "T.J." was actually the individual involved in the charged drug transaction. Pet'r Supp. Mem. at 62. The Government denies that false

---

sentence him under the corresponding guideline range was affirmed by the Fourth Circuit. *White*, 405 F.3d at 216-25.

testimony was presented to the grand jury.  Resp't Supp. Mem. at 10.

Any error in White's grand jury proceedings was rendered harmless by the trial jury's determination of his guilt.  *United States v. Mechanik*, 475 U.S. 66, 70 (1986).

III. Conclusion

For the reasons stated above, White's motions will be denied.


August 24, 2007                              /s/
Date                                  William D. Quarles, Jr.
                                      United States District Judge